UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
LAURENCE SPIEGEL,

|                                        |                                          |
| -------------------------------------- | ---------------------------------------- |
| Plaintiff,                             | Civil Action No. 09 Civ. 10581 (SHS)     |
| -against-                              |                                          |
| HARTFORD LIFE AND ACCIDENT             |                                          |
| INSURANCE COMPANY                      | DOCUMENT ELECTRONICALLY FILED            |
| Defendant.                             |                                          |

--------------------------------------------------------------X


---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S SUMMARY JUDGMENT ORDER

---


SEDGWICK, DETERT, MORAN & ARNOLD LLP
Attorneys for Defendant
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
(SDMA File No.02489-000049)

*Michael H. Bernstein*
*Matthew P. Mazzola*
*Of Counsel*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT .............................................................................................1

STATEMENT OF FACTS ....................................................................................................3

MOTION FOR RECONSIDERATION STANDARD ........................................................3

ARGUMENT.........................................................................................................................4

> POINT I
> SPIEGEL'S CONTINUING CLAIM FOR LTD BENEFITS WAS FOR A
> NEW/DIFFERENT CONDITION THAN THE ONE FOR WHICH BENEFITS
> WERE INITIALLY APPROVED ........................................................................4
>
> POINT II
> HARTFORD'S INITIAL ADVERSE BENEFIT DETERMINATION LETTER
> SATISFIED ERISA NOTICE REQUIREMENTS .............................................8
>
>> A.    SPIEGEL ADMITTED THAT HE UNDERSTOOD WHY HARTFORD
>>        HAD DENIED HIS CLAIM FOR CONTINUING LTD BENEFITS....................8
>>
>> B.    HARTFORD WAS NOT REQUIRED TO PROVIDE A LIST OF
>>        SPECIFIC OBJECTIVE TESTING SUFFICIENT TO PERFECT
>>        SPIEGEL'S APPEAL IN ITS INITIAL ADVERSE BENEFIT
>>        DETERMINATION LETTER ..........................................................9
>
> POINT III
> THE COURT'S ORDER REINSTATING BENEFITS IS CONTRARY TO
> CONTROLLING LAW AND IMPROPERLY SUPERSEDES THE TERMS OF
> THE LTD PLAN ............................................................................12

CONCLUSION..................................................................................................16

NY/693426v2

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adams v. United States*,
  686 F.Supp. 417 (S.D.N.Y.1988) ...........................................................................3

*Bozsi Ltd. Partnership v. Lynott*,
  676 F.Supp. 505 (S.D.N.Y.1987) ...........................................................................3

*Burke v. Kodak Ret. Income Plan*,
  336 F.3d 103 (2d Cir. 2003) ...................................................................................8

*Chitoiu* v. *UNUM Provident Corp*,
  345 Fed. Appx. 625 (2d Cir. 2009) .........................................................................6

*Conkright v. Frommer*,
  130 S. Ct. 1640 (2010).............................................................................2, 13, 14

*Donohoe v. Hartford Life Ins. Co.*,
  2011 WL 940849 (N.D.N.Y March 18, 2011)..........................................................7

*Green* v. *Hartford Life and Accident Ins. Co.*,
  No. 07-cv-1253 (FJS/GHL), 2010 WL 3907823 (N.D.N.Y. Sept. 30, 2010)..............6

*Hackett v. Xerox Corp. Long-Term Disability Income Plan*,
  315 F.3d 771 (7th Cir. 2003) .................................................................................14

*Hobson v. Metropolitan Life Ins. Co.*,
  574 F.3d 75 (2d Circ. 2009) ...............................................................6, 8, 10, 14

*Juliano* v. *Health Maint. Org. of N.J.*,
  221 F.3d 279 (2d Cir. 2000) ..................................................................................14

*Miller v. American Airlines, Inc.*,
  632 F.3d 837 (3rd Cir. 2011) .................................................................................14

*Mugan v. Hartford Life Group Ins. Co.*,
  2011 WL 291851 (S.D.N.Y. 2011).........................................................................10

*Pannebecker v. Liberty Life Assur. Co. of Boston*,
  542 F.3d 1213, 1221 (9th Cir. 2008) .....................................................................14

*Schonberger v. Serchuk*,
  742 F.Supp. 108 (S.D.N.Y.,1990) ...........................................................................3

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995) ......................................................................................3

*United States v. International Business Machines Corp.*,
  79 F.R.D. 412 (S.D.N.Y.1978) ................................................................................3

*Wojciechowski* v. *Metropolitan Life Ins. Co.*,
  1 Fed.Appx. 77 (2d Cir. 2001)(Summary Order) .....................................................6

**Statutes**

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) ..................................................................1

ERISA § 503(1), 29 U.S.C. §1133(1) ..................................................................................8

ERISA Section 503(1) ..........................................................................................................8

**Regulations**

29 C.F.R. § 2560.503-1(g)(1)(iii)........................................................................................10

NY/693426v2

# PRELIMINARY STATEMENT

Defendant Hartford Life and Accident Insurance Company ("Hartford") respectfully submits this Memorandum of Law in Support of its Motion for Reconsideration of the Court's Summary Judgment Order dated March 31, 2011.  Hartford previously moved for an order granting summary judgment dismissing the plaintiff Laurence Spiegel's ("Spiegel") Complaint seeking continuing long term disability ("LTD") benefits under the Factset Research Systems Inc. ("FRSI") LTD Plan (the "Plan") pursuant to Employee Retirement Income Security Act of 1974 ("ERISA") §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) on the grounds that its determination denying Spiegel's claim for continuing LTD benefits after September 22, 2008 was supported by substantial evidence and was not arbitrary and capricious. Spiegel filed opposition to that motion and simultaneously cross-moved for summary judgment awarding him LTD benefits under the Plan, arguing that Hartford's determination was arbitrary and capricious. The Court issued an Order dated March 31, 2011, granting Spiegel's Cross-Motion for Summary Judgment and denying Hartford's Motion for Summary Judgment (the "Order").  Hartford respectfully requests that this Court reconsider its Order because on further review of the record and this Court's Order, it appears that the Court may have overlooked several material facts in the record and perhaps, also, may not have appreciated the significance and applicability of several points of law, all of which might cause the Court to alter its Order.

First, the Court found that Hartford did not provide a full and fair review of Spiegel's claim for continuing LTD benefits under the governing ERISA Plan because it required different proof for the same disabling condition than was deemed sufficient during its initial approval of the claim. It is respectfully submitted that in making this holding, the Court did not consider the fact that Hartford initially approved Spiegel's LTD benefit claim based on the verified symptoms of an objectively proven thyroid condition. The administrative record reflects that prior to Hartford's initial adverse benefit determination on Spiegel's continuing claim for LTD benefits, medical records

document that this thyroid condition was resolved. Spiegel then submitted information in support of his claim of disability based on a new and different condition, Chronic Fatigue Syndrome ("CFS"). Due to the nature of CFS, Hartford reasonably requested different proof of disability than it had originally accepted when it approved his initial claim based on symptoms of an objectively proven thyroid condition.

Second, the Court held that Hartford's initial adverse determination letter regarding Spiegel's continuing claim for LTD benefits violated ERISA regulations concerning notice because the basis for its denial of his claim was not written in a manner that Spiegel could understand and that Hartford failed to indicate the specific objective testing it required for Spiegel to perfect his appeal. In making this holding, it appears that the Court overlooked several admissions by Spiegel in both the administrative record as well as his submissions in support of his Cross-Motion reflecting that he understood the precise reasons for Hartford's denial of his continuing claim for LTD benefits and was thus on notice as required by governing ERISA regulations.  In addition, the Court may not have been aware of a recent Second Circuit Court of Appeals decision on point in which it rejected the argument that Hartford must provide a claimant with a specific "laundry list" of objective testing that it requires to perfect his appeal in order to be in compliance with ERISA notice regulations.

Lastly, the Court's Order reinstated Spiegel's claim for LTD benefits rather than remanding his claim to Hartford for a further deferential review.  But even if Hartford erred in conducting a full and fair review of Spiegel's claim, the only proper form of relief is a remand of the matter to Hartford for further consideration.  In fact, in *Conkright v. Frommert*, 130 S. Ct. 1640 (2010), the U.S. Supreme Court explicitly held that remand is required in such circumstances. Furthermore, in reinstating Spiegel's LTD benefits, the Court effectively relieves him of his burden to prove his entitlement to benefits under the Plan terms, which includes a requirement that he be under the regular care of a physician.  At this point, the administrative record does not include such proof.

It is therefore respectfully requested that the Court reconsider its initial ruling and upon doing so, modify its Order to deny Spiegel's Cross-Motion for Summary Judgment, grant Hartford's Motion for Summary Judgment, or in the alternative remand Spiegel's claim to Hartford for a further review and determination as required by the Plan.

## STATEMENT OF FACTS

For the sake of brevity and in order to avoid redundancy, the Defendant refers the Court to its Statement of Material Facts dated May 18, 2010 (*See* Hartford's Rule 56.1 Statement dated May 18, 2010, Doc. No. 13), as well as the Defendant's Statement of Facts set forth in its Memorandum of Law in Support of its Motion for Summary Judgment dated May 18, 2010. (*See* Defendant's Memorandum of Law in Support of its Motion for Summary Judgment dated May 18, 2010, Doc. No.: 14).

## MOTION FOR RECONSIDERATION STANDARD

The only proper basis upon which a party may move for reconsideration of an unambiguous order is that the court overlooked "matters or controlling decisions" which, had they been considered, might reasonably have altered the result reached by the court. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); see also *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y.,1990); *Adams v. United States,* 686 F.Supp. 417, 418 (S.D.N.Y.1988); *see also Bozsi Ltd. Partnership v. Lynott,* 676 F.Supp. 505, 509 (S.D.N.Y.1987); *United States v. International Business Machines Corp.,* 79 F.R.D. 412, 414 (S.D.N.Y.1978). In this case, it is respectfully submitted that the Court may have overlooked several important facts in the record as well as several controlling decisions, which might reasonably have altered the Court's decision on the parties' competing Motions for Summary Judgment.

NY/693426v2

## ARGUMENT

### POINT I
### SPIEGEL'S CONTINUING CLAIM FOR LTD BENEFITS WAS FOR A NEW/DIFFERENT CONDITION THAN THE ONE FOR WHICH BENEFITS WERE INITIALLY APPROVED

In its Order, the Court ruled that a factor contributing to Hartford's "flawed review," was its "inconsistency concerning whether or not objective evidence was needed." (The Transcript of Judge Stein's March 31, 2011 Order, is annexed to the accompanying Declaration of Michael H. Bernstein as Exhibit "A," at p. 13)(hereinafter referred to as Bernstein Dec., Ex. "A"). The Court held that Hartford's denial of Speigel's benefits due to the lack of objective evidence in the record was inconsistent with its previous decision to pay him LTD benefits for approximately two years, since the evidence that Spiegel had previously submitted in support of his initial claim for benefits was virtually indistinguishable from the evidence that Hartford later found to be inadequate when it denied his claim for continuing LTD benefits.  (Bernstein Dec., Ex. "A," p. 14). Specifically, the Court found that Hartford's "failure to explain this divergent treatment of similar evidence undermined Spiegel's ability to perfect his claim." (Bernstein Dec., Ex. "A," p. 14).  It is respectfully submitted, however, that the Court's conclusion appears to have overlooked the fact that Spiegel's original claim for LTD benefits, and Hartford's approval of that claim, was based on  his <u>objective</u> diagnosis of polyglandular autoimmune syndrome, hypotension, thyroiditis and adrenal insufficiency and <u>not</u> based on a diagnosis of Chronic Fatigue Syndrome ("CFS"). (266).[1]  Indeed, Spiegel did not submit a diagnosis of CFS as a basis for his continuing disability claim until after Hartford initially approved his claim. (1049). Thus, since Spiegel's continuing claim for LTD benefits was based on symptoms of CFS, a newly diagnosed condition that was different from the one for which benefits

---

[1] The page references are the to the administrative record pertaining to Spiegel's LTD claim, which is annexed to the Declaration of Giuseppina Gulino ("Gulino Dec.") submitted in support of Hartford's Cross-Motion for Summary Judgment dated May 13, 2010, with a preceding Bates Stamp of "SPIEGEL 00." (Docket No.: 15).

were initially approved, Hartford acted reasonably in requesting new/different proof of disability than was originally accepted in support of Spiegel's original claim.

The administrative record shows that Spiegel initially applied for LTD benefits based on symptoms of severe fatigue and depression caused by polyglandular autoimmune syndrome and hypothyroidism. (122). Hartford initially denied Spiegel's claim for LTD benefits on March 19, 2007 due to his failure to provide satisfactory proof of his claimed disability. (1103-1106). Hartford also informed Spiegel that he must provide the requested medical records or appeal its determination. *Id.* Importantly, Spiegel then submitted the requested medical records along with <u>objective</u> laboratory test results obtained by Dr. Regina Dodis, a board certified endocrinologist, showing an abnormal anti-thyroid antibody test and thus, Dr. Dodis diagnosed Spiegel with hypothyroidism secondary to Hashimoto's Thyroidosis. (0650, 0781). After receipt of all the supplemental medical information, Spiegel's claim for LTD benefits was approved on May 21, 2007 effective December 31, 2006 based on the diagnosis of polyglandular autoimmune syndrome and hypothyroidism. (1088-1093). In approving Spiegel's initial claim for LTD benefits, Hartford Ability Analyst Amy Cook indicated that Hartford "will need to monitor [Spiegel's claim] closely as once a correct medication is set up he should be able to function well, as it does appear that the doctors are all still trying to correct the dosage and meds to treat him." (267). Therefore, the record clearly demonstrates that Hartford initially approved Spiegel's LTD benefit claim based on his symptoms related to his objectively proven diagnosis of hypothyroidism. Moreover, Hartford did not request that Spiegel provide objective proof of his diminished functional capacity since his disabling symptoms were found to be clinically correlated to his objectively determined medical diagnosis.

It is also important to note that, at the time of Hartford initially approved Spiegel's LTD benefit claim, he had not been diagnosed with CFS, nor did he claim to be disabled as a result of CFS. (1088-1093; 1048). Hartford was not informed of Spiegel's CFS diagnosis, or that his alleged subjective symptoms were related to CFS, at any time prior to its initial determination to approve his

claim on May 21, 2007. (1049).  Indeed, it was not until Hartford received a letter from Dr. Duffy dated October 10, 2007, that Hartford was first informed that Spiegel's hypotension had resolved, and that the purported cause of his remaining symptoms of fatigue were somehow related to CFS. (722; 1049).  Thus, since Spiegel did not claim to be disabled by CFS during Hartford's initial review of his claim for LTD benefits, Hartford did not, and was not required to, determine whether Spiegel was disabled as a result of CFS.  *See Wojciechowski* v. *Metropolitan Life Ins. Co.*, 1 Fed.Appx. 77, 81 (2d Cir. 2001); *see also Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 89 (2d Circ. 2009)(Summary Order); *Chitoiu* v. *UNUM Provident Corp.* 345 Fed. Appx. 625, 626 (2d Cir. 2009); *Green* v. *Hartford Life and Accident Ins. Co.*, No. 07-cv-1253 (FJS/GHL), 2010 WL 3907823, *6 (N.D.N.Y. Sept. 30, 2010). Accordingly, the record clearly shows that Hartford only found Spiegel disabled based on his thyroid condition; i.e. not based on CFS.

In its initial adverse determination letter concerning Spiegel's claim for continuing LTD benefits, Hartford specifically informed Spiegel that his claim for LTD benefits had initially been approved based on his records from Dr. Ann Frietag and Dr. Margaret Sweeney demonstrating that he had been diagnosed with Hashimoto's thyroidositis, depression and polyglandular autoimmune syndrome. (1048, 1049). Indeed, Hartford's initial determination letter indicates that it was not until after Hartford approved Spiegel's original claim for benefits and his thyroid condition resolved that he was subsequently diagnosed with CFS. Thus, Hartford's continuing review of Spiegel's claim was based on his continuing claim of disability as a result of his new diagnosis of CFS. (1048, 1049).

It therefore appears that the Court may have failed to appreciate that prior to October 10, 2007, including the time of Hartford's initial LTD benefit claim review and determination, Spiegel was claiming to be disabled from symptoms caused by hypothyroidism, and it was only after October 10, 2007 that Hartford was notified that he was claiming to be disabled based on symptoms related to a new diagnosis; CFS. This distinction is important and must be considered when determining whether Hartford provided a full and fair review on Spiegel's claim because, while

Hartford agrees with the Court that it cannot shift the "criteria for demonstrating disability without clearly informing the claimant that that is what it is doing," Hartford did not do anything of the sort on Spiegel's claim. (Bernstein Dec., Ex. "A," p. 15).  Rather, Hartford initially approved Spiegel's LTD benefit claim based upon its receipt of objective proof of his diagnosis of hypothyroidism, of which fatigue is a clinically correlated symptom.  Then, after receiving Dr. Duffy's October 12, 2007 letter showing that Spiegel's hypothyroidism was under control, it became clear that Spiegel was now claiming to be disabled due to the subjective symptoms related to an entirely different condition, for which Hartford reasonably required proof in a different form to establish his claimed disability.

It is therefore apparent that the Court may have erred in concluding that Hartford required that Spiegel submit different proof for the same disabling condition. Rather, pursuant to Plan terms, Hartford in re-evaluating Spiegel's claim, requested that he satisfy his burden to submit proof of his disability that was satisfactory to Hartford, showing that he was disabled from performing the essential duties of his own occupation by his newly claimed diagnosis of CFS, which is rational. *See Donohoe v. Hartford Life Ins. Co.*,  2011 WL 940849, *13  (N.D.N.Y March 18, 2011).  Indeed, as a practical matter, Hartford's review of Spiegel's claim for continuing LTD benefits should have been reviewed by the Court as an initial evaluation of a newly alleged basis for disability, not a re-evaluation of the same, unchanged condition.  Indeed, it cannot be disputed that Spiegel was aware that his thyroid condition had resolved and thus, knew, or at least should have known, that he was claiming to be disabled from symptoms related to an entirely different and newly alleged basis for disability about which Hartford was entitled to request new and different proof in support of his claim of disability based on that condition.

## POINT II
## HARTFORD'S INITIAL ADVERSE BENEFIT
## DETERMINATION LETTER SATISFIED ERISA NOTICE
## REQUIREMENTS

**A.**    **SPIEGEL ADMITTED THAT HE UNDERSTOOD WHY HARTFORD HAD DENIED HIS CLAIM FOR CONTINUING LTD BENEFITS**

In its Order, this Court determined, *sua sponte,* that Hartford did not provide a full and fair review of Spiegel's continuing claim for LTD benefits because it did not specify the basis for its initial adverse benefit determination in a manner calculated to be understood by Spiegel.  (Bernstein Dec., Ex. "A," p. 9). Specifically, the Court held that Hartford violated ERISA § 503(1), 29 U.S.C. §1133(1) by failing to "clearly communicate a purported basis for its denial in a manner to be calculated – in a manner to be understood by Spiegel." (Bernstein Dec., Ex. "A," p. 11). The Court indicated that Hartford's action of merely relaying the conclusion of its peer reviewers concerning the lack of objective findings did not clearly inform Spiegel that his claim had been denied because he "failed to submit any objective proof of a functional disability as caused by either fatigue or by cognitive deficits." (Bernstein Dec., Ex. "A," p. 10, 11). It is respectfully submitted, however, that the Court's determination on this point is inconsistent with unequivocal facts in the administrative record, including several admissions by Spiegel reflecting that he was aware of the basis for Hartford's determination, and thus, was "on notice" of these concerns, as required by ERISA.

In its Order, the Court acknowledged that the Second Circuit only requires substantial compliance with ERISA § 503(1) to meet the requirements of a full and fair review.  *Burke* v. *Kodak Ret. Income Plan*, 336 F.3d 103, 107-09 (2d Cir. 2003).   "Substantial compliance 'means that the beneficiary was 'supplied with a statement of reasons that, under the circumstances of the case, permitted a sufficiently clear understanding of the administrator's position to permit effective review.'"  *Hobson*, 574 F.3d at 87.  As set forth below, Hartford complied with ERISA's requirement that it advise Spiegel in writing of the reasons for its adverse determination, as well as the proof needed to support his claim on appeal, in its nearly six page determination letter. (1046-1051).

Any question as to Spiegel's awareness and notice of the basis for Hartford's initial adverse determination is resolved by his own appeal letter. Specifically, in Spiegel's appeal letter dated April 22, 2009, he admitted his understanding of the basis for Hartford's denial of his claim because he objected to Hartford's "assertion that Mr. Spiegel's 'complaints…[are] subjective with no objective findings.'" (493). Indeed, in Spiegel's appeal letter, he stated the following arguments, which clearly reflect his understanding of the basis for Hartford's denial of his claim for continuing LTD benefits:

> The clinical findings and test results contained in the record are not "subjective." Moreover, as you are certainly aware, many medical conditions- mental and physical- cannot be "objectively" proven; they are diagnosed and treated on the basis of the patient's complaints, doctor's observations, and other "subjective criteria." If "objective" evidence exclusively is acceptable to establish a disability, why does the Benefit plan not so state in clear terms?

(492-493).

As clearly established by the argument quoted above, Spiegel understood Hartford's initial adverse determination letter as requiring him to provide "exclusively" objective evidence in order to be found disabled under the terms of the Plan. (493). Moreover, Spiegel reiterated his understanding of the basis for Hartford's adverse determination in his Memorandum of Law in Support of his Cross-Motion for Summary Judgment. (Docket No.:22). There, Spiegel argued that "[t]he review physicians and Hartford itself repeatedly insisted that the plaintiff failed to provide "objective" evidence of disability." (Docket No.:22 p. 15). These admissions, of necessity, refute any concern that Spiegel was unaware of the basis for Hartford's initial adverse claim determination, which likely explains why Spiegel did not raise this argument in support of his Cross-Motion.

**B.** **HARTFORD WAS NOT REQUIRED TO PROVIDE A LIST OF SPECIFIC OBJECTIVE TESTING SUFFICIENT TO PERFECT SPIEGEL'S APPEAL IN ITS INITIAL ADVERSE BENEFIT DETERMINATION LETTER**

In its Order, this Court also found that Hartford failed to provide a full and fair review of Spiegel's continuing claim for LTD benefits since its initial adverse determination letter violated ERISA regulations requiring that a claim administrator furnish the claimant with a "description of any additional material or information necessary for the claimant to perfect the claim and an

explanation of why such material or information is necessary...." *See* 29 C.F.R. § 2560.503-1(g)(1)(iii). In its Order, the Court interpreted that regulation to infer that "specifying the kind of objective evidence is paramount [to complying with the regulation]," and cited *Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 88 (2d Circ. 2009) to support this proposition.  However, *Hobson* does not go that far. *Id.* at 88.  In fact, the Second Circuit held in *Hobson* that a claim administrator must notify a claimant of the need for objective evidence, but did not indicate that any particular level of specificity was required to accomplish this notification. *Id.* at 88.  Instead, the Court in *Hobson* merely found that the *specific* notification that MetLife used in that case was acceptable. *Id.* at 88.[2]  Indeed, the Second Circuit has never required that claim administrators provide a claimant with a "laundry list" of  objective test results that they must submit in order to perfect their appeal. *See Schnur v. CTC Communications Corp. Group Disability Plan*, 2011 WL 855861, *3(2d Cir. 2011) (Summary Order); *see also Mugan v. Hartford Life Group Ins. Co.*, 2011 WL 291851*10 (S.D.N.Y. 2011).

In *Schnur,* as in this case, the claim administrator denied the plaintiff's claim for LTD benefits based on her failure to provide physical/objective evidence of her "self reported," subjective symptoms. *Id.* at 2. The plaintiff argued on appeal to the Second Circuit that the claim administrator's initial adverse benefit determination letter failed to comply with 29 C.F.R. § 2560.503-1(g)(1)(iii). *Id.*  But the Second Circuit disagreed, holding that the "[claim administrator's] notice of denial—a thorough, four-and-a-half-page document amply laid out the basis for the denial, and, *by implication*, a description of those materials necessary to perfect the claim." *Id.* (emphasis supplied).  Specifically, that notice informed the plaintiff that the claim administrator "[did] not see any evidence in the current medical records to establish that your condition imposes a physical or psychological impairment that would preclude you from engaging in the substantial and material

---

[2] The Court cited *Cook v. New York Times Co. Long-Term Disability Plan,*  2004 WL 203111 (S.D.N.Y. January 30, 2004) for the same proposition, however, the  Court in *Cook* did not find that a claim administrator must provide a specific list of objective tests for the claimant to perfect his/her appeal. *Id.* at *4.  In fact, the Court in *Cook* held that "insistence on objective evidence, standing alone, is not arbitrary and capricious." *Id.* at *4.

duties of your regular occupation on a sustained basis." *Id.*  Thus, in *Schnur*, the Second Circuit held that the initial adverse benefit determination letter satisfied ERISA notice requirements, without requiring a specific list of objective proof that must be supplied on appeal.

In this case, Hartford provided Spiegel with a longer and even more detailed explanation of the basis for its denial of his continuing claim for LTD benefits than what the Second Circuit found acceptable in *Schnur*.  Here, Hartford's adverse determination letter was nearly six pages long and thoroughly laid out the basis for its denial of Spiegel's claim for LTD benefits; i.e. that he failed to provide any objective proof of his subjective disabling complaints of fatigue. Indeed, Hartford's initial determination letter discussed in detail all of the evidence that Spiegel had submitted in support of his continuing claim for LTD benefits and informed him of why this evidence was insufficient to prove that he was disabled, and thus, "by implication" provided a description of the information necessary to perfect his appeal. (1046-1051).

Specifically, the September 24, 2008 initial adverse determination letter clearly informs Spiegel that his benefits were terminated because Hartford "determined that [he] did not meet the policy definition of Disability"; i.e. that he was "prevented from performing one or more of the essential duties of [his] occupation." (1046, 1048). Spiegel was further informed that "[he] [did] not have a clinical or subjectively rated degree of impairment from a physical condition that would alone preclude [him] from engaging in physical activity.  From a physical standpoint, the medical information contained in [his] claim file does not support [his] inability to work 8 hours a day." (1050).  This letter also stated that "[Spiegel] would have no restrictions with hours worked in a day or capacity to sit/stand/walk, amount to carry/lift/push/pull, drive, climb balance, stoop, kneel, crouch, crawl, reach at any level or finger/handle/feel.  [Spiegel's] records do not document clinically significant objective medical impairments which would support any psychiatric restrictions or limitation, including the ability to work full time." (1050). Hartford also noted in this letter,  Dr. Asters' (Spiegel's own treating doctor) conclusion that his "complaints [were] subjective with no

objective findings." (1050). The initial adverse determination letter concluded by stating that "[t]he combined information in [Spiegel's] file does not show that [he] [is] unable to perform the essential duties of [his] occupation as of 09/22/2008" and "[a]s a result [Spiegel's] claim [was] terminated effective 9/23/08." (1050).

By Spiegel's own admission, he clearly understood why Hartford denied his continuing claim for LTD benefits and that, in order to perfect his claim he "exclusively" needed to provide objective evidence of his diminished functional capacity. (493; Docket No.:22 p. 15). Accordingly, pursuant to Plan terms, it was Spiegel's burden to consult with his treating physicians and to provide further evidence consistent with this understanding that would be "satisfactory to Hartford" in support of his appeal. Instead, on appeal, Spiegel provided further evidence of his "self-reported" subjective complaints, with no objective proof to substantiate his claim, which Hartford had previously advised him was insufficient to prove his disability, and which he clearly understood was the basis for the initial denial of his claim.  It is therefore respectfully submitted that Hartford's initial determination letter fully complied with ERISA notice provisions, and that if this Court reconsiders this point, as well as the additional facts and law discussed above, it may very well alter its rulings on the parties' competing summary judgment motions.

### POINT III
### THE COURT'S ORDER REINSTATING BENEFITS IS CONTRARY TO CONTROLLING LAW AND IMPROPERLY SUPERSEDES THE TERMS OF THE LTD PLAN

In its Order, the Court ruled that the proper remedy for Hartford's failure to comply with ERISA regulations in its May 21, 2007 initial adverse benefit determination was reinstatement of all LTD benefits to Spiegel from the date of termination to the present. (Bernstein Dec., Exhibit "A," p. 18). As a preliminary matter, this issue was not briefed by either party in their respective Motions for Summary Judgments and thus, Hartford was unable to set forth any argument opposing possible reinstatement of Spiegel's benefits. Perhaps more significantly, it appears that the Court

may not have considered the United States Supreme Court's recent decision in *Conkright v. Frommert*, 130 S. Ct. 1640 (2010) before ruling in this manner. It is respectfully submitted that *Conkright* requires the matter to be remanded to Hartford for further consideration if the Court finds that it failed to provide Spiegel with a full and fair review. Furthermore, it is also respectfully submitted that reinstatement of benefits improperly relieves Spiegel of his burden to produce evidence showing that he is and was disabled pursuant to Plan terms, and improperly replaces the terms of the Plan with a finding of a procedural violation, which is improper.

In *Conkright*, the Supreme Court observed that "[p]eople make mistakes. Even administrators of ERISA plans." *Id.* at 1641. In the instant matter, this Court found that Hartford "made a mistake" by failing to provide a full and fair review to Spiegel and thus, held, by implication, that due to this mistake, Hartford's decision-making is no longer entitled to the deference provided for in the in the Plan documents. (Bernstein Dec., Exhibit "A," p. 17, 18). Instead, the Court determined that Spiegel is entitled to a reinstatement of all benefits, effectively depriving Hartford of its right to determine whether Spiegel is actually entitled to those benefits under the terms of the Plan. (Bernstein Dec., Exhibit "A," p. 17, 18) However, the U.S. Supreme Court rejected this "one-strike-and-your're out" approach. *See Conkright,* 130 S. Ct. at 1646. Indeed, the Supreme Court held in *Conkright* that the deference afforded to ERISA claim administrators protects the interests of ERISA and promotes the statutory goals of uniformity, efficiency and predictability with respect to ERISA claim decisions. *Id.* at 1649. Accordingly, the Supreme Court found that where a claim administrator is granted discretionary authority under the ERISA plan (as Hartford was here), the deference owed to its determinations by the reviewing court may not be disturbed by one good faith mistake and thus, a remand for a further review and determination is the only proper remedy when such a mistake is found to have occurred. *See Id.* at 1647-1648, 1651.

In support of its decision to reinstate benefits, this Court cited several decisions from the Seventh, Third and Ninth Circuit Courts of Appeal, which all hold that in the case of a "procedural

error" the remedy should return the claimant to the "status quo prior to the defective procedure," which it found, in a case where benefits were terminated, results in reinstatement of benefits. (Bernstein Dec. Exhibit "A," p. 18); *See Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 315 F.3d 771, 776 (7th Cir. 2003); *see also Miller v. American Airlines, Inc.*, 632 F.3d 837, 856 -857 (3rd Cir. 2011); *Pannebecker v. Liberty Life Assur. Co. of Boston*, 542 F.3d 1213, 1221 (9th Cir. 2008). While none of these cited decisions are binding on this Court, both the Ninth Circuit's decision in *Pannebacker, supra*, and the Seventh Circuit's decision in *Hackett, supra*, pre-date the Supreme Court's determination in *Conkright, supra*. The Third Circuit's decision in *Miller, supra*, does not even consider the Supreme Court's decision in *Conkright*, which clearly requires a different result.

In further support of its decision to reinstate Spiegel's benefits, this Court cited Hartford's purported failure to identify any material change in Spiegel's condition that would warrant the denial of benefits. (Bernstein Dec., Exhibit "A," p. 19). But as discussed  in POINT I, *supra*, the Court appears to have missed crucial evidence in the record demonstrating that the condition for which Hartford originally approved benefits had resolved and that Spiegel's claim of disability changed after Hartford's initial approval and thus, it was not unreasonable for Hartford to require different proof to support this essentially new claim for benefits. (1049).

It is also respectfully submitted that this Court's Order reinstating benefits improperly relieves Spiegel of his burden under the terms of the LTD Plan, to prove that he is and was entitled to receive LTD benefits during the time in issue. (17). It is well settled that Spiegel has the burden to demonstrate that he was disabled as that term is defined in the LTD Plan. *See Hobson*, 574 F.3d at 89; *Juliano* v. *Health Maint. Org. of N.J.*, 221 F.3d 279, 287-88 (2d Cir. 2000). Pursuant to the Plan, Spiegel must remain disabled throughout the elimination period and submit proof of his disability that is satisfactory to Hartford. (8). The administrative record clearly indicates that after Spiegel's thyroid condition resolved and prior to Hartford's initial adverse determination on September 26, 2008, it requested that Spiegel provide continuing proof of loss to determine whether he was still

disabled as defined by the Plan terms. (17). By letter dated September 26, 2008, Hartford advised Spiegel that the evidence he had submitted was not satisfactory and explained its reasoning in great detail. (1046-1051). Spiegel admittedly understood that the evidence submitted in support of his continuing claim was not satisfactory to Hartford as well as the reasons why Hartford did not find it to be acceptable. (493; Docket No.:22 p. 15). However, on appeal, Spiegel failed to submit any of the evidence that, in his own words, Hartford "exclusively" requested in its letter, nor did he submit any evidence on appeal of a different nature than what he initially submitted in support of his continuing disability claim. (493, 1039-1044). Accordingly, Hartford found that Spiegel did not satisfy his burden under the Plan. (1039-1044).

Since this Court found that Hartford's procedural violations were arbitrary and capricious, this matter should be remanded back to Hartford for further consideration so that it may determine whether Spiegel can satisfy his burden under the Plan to submit proof showing that he remained disabled beyond September 26, 2008. Instead, this Court has effectively relieved Spiegel of this burden, and awarded him benefits for a period time for which there is absolutely no proof of disability available — satisfactory or otherwise. (Bernstein Dec., Exhibit "A," p. 18). Indeed, there is no proof in the record showing that Spiegel is and was disabled pursuant to Plan terms beyond September 26, 2008. At the very least, the Plan requires that Spiegel show that he is (and was) "under the Regular care of a Physician" during the period he is claiming to be disabled, but the Court's Order relieves him of his obligation to submit proof of even this basic Plan requirement. (8). Accordingly, reinstating Spiegel's LTD benefits without permitting Hartford the opportunity to collect proof and determine whether he was actually disabled under the terms of the Plan, unreasonably supersedes the terms of the LTD Plan, of which he was a voluntary participant, and improperly relieves Spiegel of his burden under the terms of the Plan to prove his entitlement to continuing LTD benefits.

15

## **CONCLUSION**

It is respectfully submitted that, for the foregoing reasons, this Court should reconsider its initial ruling and upon doing so, deny Spiegel's Cross-Motion for Summary Judgment, grant Hartford's Motion for Summary Judgment, or in the alternative remand Spiegel's claim to Hartford for further review and determination.

Dated: New York, New York
           April 14, 2011

                                  Respectfully Submitted,

                                  s/_____
                                  Michael H. Bernstein
                                  Matthew P. Mazzola
                                  SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                  *Attorneys for Defendant*
                                  125 Broad Street, 39th Floor
                                  New York, New York 10004-2400
                                  Telephone: (212) 422-0202
                                  [SDMA File No. 02489-000049]

16

## CERTIFICATE OF SERVICE

I, Matthew P. Mazzola, hereby certify and affirm that a true and correct copy of the attached

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

was served via Regular Mail on this 14th day of April, 2011, upon the following:

> Harold Skovronsky
> *Attorneys for Plaintiff*
> Law Offices of Harold Skovronsky
> 1810 Avenue N
> Brooklyn, New York 11230
> Telephone: (718) 336-8886

s/ _____
Matthew P. Mazzola (MM-7427)

Dated:     New York, New York
           April 14, 2011

17