UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
LAURENCE SPIEGEL,

                      Plaintiff,                            09-CV-10581 (SHS)

               - against -

HARTFORD LIFE AND ACCIDENT INSURANCE CO.,

                    Defendant.
-----------------------------------------------------------------------x


## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S
## MOTION FOR RECONSIDERATION
## OF THE SUMMARY JUDGMENT ORDER


HAROLD SKOVRONSKY
Attorney for Plaintiff
1810 Avenue N
Brooklyn, New York 11230
(718) 336-8886

## PRELIMINARY STATEMENT

The defendant moves for reconsideration of the Court's judgment in favor of the plaintiff. "The standard for granting...a motion [for reconsideration] *is strict*, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (emphasis added).

Hartford Life now argues that, in granting judgment to the plaintiff, the Court overlooked facts and law, and that the relief fashioned by the Court runs afoul of the ruling in Conkright v. Frommer, 130 S. Ct. 1640 (2010). The motion is in error on all counts.

## POINT I

## THE COURT'S DECISION OVERLOOKED NEITHER FACT NOR LAW

### Plaintiff's disability

Spiegel's claim of disability was at all times predicated on chronic fatigue – and the Court so found (Transcript of the Decision ("TD"), pp.3, 14). The evidence provided by Spiegel's attending physicians in years 2006-08 consistently pointed to the same debilitating condition of chronic fatigue throughout – and the Court so found (TD, pp.3-6, 14, 19). The Court was fully cognizant that in 2006 Spiegel had glandular conditions – cured in 2007 – but found no evidence in the record that those disorders played a role in Spiegel's disability (TD, pp.3,19).

After a comprehensive review of the entire body of evidence, the Court concluded that Spiegel's clinical picture in 2008 was essentially the same as it was in 2006. Defendant's unhappiness with that conclusion is not a basis for moving for reconsideration. And to the extent that the motion suggests that the Court overlooked evidence regarding the nature of Spiegel's disability, The Hartford is simply wrong.

### Insufficient notice

In informing Spiegel of the intended cessation of his disability benefits, The Hartford repeatedly advised him that the medical evidence does not support his claim, but never offered a clue as to what kind of evidence would be deemed adequate. Indeed, The Hartford never even stated to the plaintiff that "objective" proof is necessary.

The Court found that the plan administrator failed to satisfy the statutory and regulatory obligation to furnish the claimant with a concise and comprehensible written statement calculated to clarify to the claimant the nature of the additional evidence necessary to support his

2

claim. The Court noted that the imperative for such specificity is particularly acute in a case of chronic fatigue syndrome, a disease whose indicators and diagnosis are not always evident and easy. The need for clarity on The Hartford's part was especially compelling in the present instance in view of the impending termination of benefits for the very same disabling condition for which benefits has earlier been granted.

The movant errs in its suggestion (Movant's Memorandum, p.2) that the Court demanded of The Hartford a "laundry list" of necessary objective testing. The Court made no such silly demand; rather, it found fault with The Hartford's utter failure to provide Spiegel with <u>any</u> meaningful information, with a persistent evasiveness whose effect, if not its purpose, was to keep Spiegel in the dark.

Equally fatuous is the movant's argument (Memorandum, p.9) that notice to Spiegel was obviated by a reference to "objective evidence" in a letter by Spiegel's attorney to The Hartford – this assertedly demonstrating, by implication, that Spiegel "understood" the unverbalized evidentiary standard which The Hartford had in mind. The movant's argument seems to be that a plan administrator's duty to inform evaporates if, in retrospect, a claimant's attorney made a lucky guess. That contention is astonishing, and utterly without support in statute, regulation, or case law. In any event, the cited portion of the letter of Spiegel's attorney was actually directed to the opinion of one particular "review physician" retained by the movant; it did not address, nor did it presume to "understand", The Hartford's elusive, undisclosed standard of evidence.

Lastly, The Hartford contends that the notice requirements set forth by the Court are inconsistent with the ruling in <u>Schnur</u> v. <u>CTC Communications Corp. Group Disability Plan</u>, 2011 WL 855861 (2d Cir. 2011). <u>Schnur</u> is an unpublished, non-precedential summary order. The case involves an initial denial of benefits, not a cessation. The medical evidence there never established a disability. And most importantly, the Circuit Court's decision does not detail the contents of the plan administrator's notice to the claimant. The adequacy of The Hartford's communications to Spiegel cannot be measured against the notice in <u>Schnur</u> whose language and content are unknown.

## POINT II

## CONKRIGHT v. FROMMER IS
## NOT RELEVANT TO THE INSTANT CASE.

Having found procedural and substantive flaws in The Hartford's termination of Spiegel's benefits, the Court fashioned an appropriate remedy: a return to status quo ante, i.e., a reinstatement of benefits. As noted by the Court, this relief is supported by all circuit courts that have addressed the issue.

The movant asserts that Conkright v. Frommer, supra, constitutes authority to the contrary. According to The Hartford, Conkright stands for the proposition that the Court may remand but not reinstate.

The essence of that case is set forth in the opening paragraph of Chief Justice Roberts' decision (130 S.Ct. at 1644): "[A]n ERISA plan administrator with discretionary authority to interpret a plan is entitled to deference in exercising that discretion. The question here is whether a simple honest mistake in plan interpretation justifies stripping the administrator of that deference for subsequent related interpretations of the plan. We hold that it does not."

Conkright does not suggest that, under the deferential standard, a reviewing court's remedial power is limited to remands. Rather, Conkright applied the well-settled principle that where a lower court has improperly substituted its own interpretation of a plan provision for that of the administrator, the mandates of deference require appellate remand to the administrator.

Conkright does not at all support the movant's notion that remand is the exclusive remedy in all ERISA cases. It is fundamental that where the evidence establishes a plan participant's entitlement to benefits, judicial enforcement of the claimant's rights in the face of arbitrary denial by the administrator is warranted.

4

The Court's logic in fashioning Spiegel's relief is clear and compelling. The medical evidence showed no change in the disabling condition – debilitating fatigue – which had hitherto entitled Spiegel to benefits. In view of the procedural and substantive deficiencies in The Hartford's decision to terminate, judicial reinstatement of benefits is just and sensible. It furthers ERISA's core purpose of "promot[ing] the interests of employees...in employee benefit plans." Shaw v. Delta Air Line, Inc., 463 U.S. 85, 90 (1983). Reinstatement provides elemental fairness to a disabled worker whose financial lifeline was wrongfully severed by The Hartford three years ago.

The Court's remedy does not slam the door on the plan administrator's prerogatives. The Hartford may at any future time review Spiegel's case in <u>proper</u> fashion to determine ongoing entitlement. What the Court does not countenance, however, is The Hartford's insistence that, after wrongfully subjecting Spiegel to three years of financial hardship and to vexatious administrative and judicial proceedings, the solution is "let's do it over again" – a nice outcome for The Hartford, but a prolongation of misery for Spiegel.

The Court cited appellate decisions in three circuits supporting its ruling, including the post-Conkright case of Miller v. American Airlines, Inc., 632 F3rd 837 (3rd Cir. 2011). In its memorandum (p.14), The Hartford implicitly expresses puzzlement at the Miller court's reinstatement of benefits in the face of Conkright. The solution to the puzzle is simple. With respect to the issues presented in Miller – and in the instant case – Conkright is inapposite and irrelevant. The Conkright Court was involved in delineating the scope of judicial deference to administrative interpretations of plan provisions. It did not even remotely touch upon the issue of judicial remedies for arbitrary cessation of a disabled claimant's benefits.

5

## CONCLUSION

The movant has failed to satisfy the criteria of a motion for reconsideration. The instant motion is meritless and should be disposed of accordingly.

Dated: May 6, 2011                                  Respectfully submitted,

                                                    HAROLD SKOVRONSKY

                                                    *Harold Skovronsky*
                                                    Attorney for plaintiff
                                                    1810 Avenue N
                                                    Brooklyn, New York 11230
                                                    (718) 336-8886