USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

LAURENCE SPIEGEL,

                Plaintiff,

   -against-

HARTFORD LIFE AND ACCIDENT
INSURANCE CO.,

                Defendant.

-----------------------------------------------------------x

09 Civ. 10581 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

On March 31, 2011 this Court denied defendant Hartford Life and Accident Insurance Co.'s motion for summary judgment and granted plaintiff Laurence Spiegel's cross-motion for summary judgment for the reasons set forth on the record that day. (*See* Order dated Mar. 31, 2011, Dkt. No. 28; Tr. of Oral Decision ("Tr."), Mar. 31, 2011, Ex. A to Decl. of Michael H. Bernstein dated Apr. 14, 2011.) Hartford has now moved pursuant to Local Civil Rule 6.3 for reconsideration of that order. Because Hartford has not met the strict standard for granting reconsideration, the motion is denied.

A request for reconsideration under Local Civil Rule 6.3 "must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Hinds Cty., Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010). The standard for granting such a motion is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The Court granted summary judgment to Spiegel on the ground that Hartford did not substantially comply with ERISA's procedural requirements when it terminated Spiegel's long-

term disability ("LTD") benefits. (Tr. at 8-17.) Hartford identifies two supposedly overlooked factual matters that in its view prompt a need for reconsideration. First, Hartford notes that between the initial approval and subsequent termination of Spiegel's LTD benefits, his thyroid condition was resolved. The Court did not overlook this fact, (*id.* at 19), which at most explains why Hartford changed its position on the need for objective evidence of functional impairment; it does not address whether Hartford adequately communicated to Spiegel in language calculated to be understood by him a "description of any additional material or information necessary for [him] to perfect the claim and an explanation of why such material or information is necessary." 29 C.F.R. § 2560.503-1(g)(1)(iii). Second, Hartford points to a letter from Spiegel's attorney appealing its decision to terminate Spiegel's benefits. The Court did not overlook this letter, which was cited in the summary judgment briefing, (*see, e.g.*, Def.'s Mem. in Supp. of Summ. J. at 10). The letter simply lacks the probative force Hartford ascribes to it. The letter argued that Hartford overlooked evidence from Spiegel's treating physician and erroneously required objective evidence for the diagnosis of chronic fatigue syndrome, for which no objective tests exist. (*See* Administrative Record at 492-93, Ex. B to the Decl. of Giuseppinia Gulino.) The letter does not reflect awareness that a lack of objective evidence of functional capacity was the basis for Hartford's denial or awareness of what type of objective evidence Hartford required.

Hartford next contends that two unpublished summary orders of the United States Court of Appeals for the Second Circuit support its position that it substantially complied with ERISA's procedural requirements. *See Tortora v. SBC Commc'ns, Inc.*, No. 10-3478-cv, 2011 WL 5289076 (2d Cir. Nov. 3, 2011); *Schnur v. CTC Commc'ns Corp. Grp. Disability Plan*, 413 F. App'x 377 (2d Cir. 2011). These orders are summary, are not precedential, and may be cited solely for whatever persuasive authority they may have. *See* Fed. R. App. P. 32.1 advisory

committee's note; Second Circuit Local Rule 32.1.1. Having considered those orders, the Court finds more persuasive the discussion of ERISA's notice requirements as applied to the issue of objective evidence in the published, precedential opinion of the Second Circuit in *Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 88 (2d Cir. 2009), upon which the Court specifically relied in its decision, (Tr. at 11-12).

Finally, Hartford challenges the reinstatement of Spiegel's benefits. Hartford's contention that it was unable to oppose that remedy is manifestly incorrect. Spiegel explicitly requested reinstatement of his benefits on the face of his cross-motion for summary judgment. (Pl.'s Notice of Cross-Motion for Summ. J., Dkt. No. 23.) Hartford simply failed to challenge the propriety of that specific remedy. In any event, Hartford has not presented a valid basis for reconsideration of the remedy ordered. *Conkright v. Frommert*, 130 S. Ct. 1640 (2010), does not address the remedial issue presented in this case, and Hartford's other arguments do not rebut the persuasive reasoning of the multiple authorities previously relied upon that support reinstatement in these circumstances. *See Miller v. American Airlines*, 632 F.3d 837, 856-857 (3d Cir. 2011); *Pannebacker v. Liberty Life Assur. Co. of Boston*, 542 F.3d 1213, 1221 (9th Cir. 2008); *Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 315 F.3d 771, 776-77 (7th Cir. 2003).

For the foregoing reasons, Hartford's motion for reconsideration is DENIED.

Dated: New York, New York
November 28, 2011

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

3